Frank ZOSKE, Petitioner,

v.

The PEOPLE of the State of Colorado, Respondent.

No. 80SC97.

Supreme Court of Colorado, En Banc.

March 23, 1981.

Jane S. Hazen, Denver, for petitioner.

Dale Tooley, Dist. Atty., Brooke Wunnicke, Chief Appellate Deputy Dist. Atty., Guy Till, Deputy Dist. Atty., Denver, for respondent.

ERICKSON, Justice.

We granted certiorari to review the Superior Court's affirmance of the defendant's (Frank Zoske) conviction for driving under the influence of intoxicating liquor (section 42–4–1202, C.R.S.1973), and for a stop sign violation (section 42–4–603, C.R.S. 1973). We affirm the judgment of conviction for the stop sign violation, and reverse the conviction for driving under the influence, and remand for a new trial on that charge.

As the result of an automobile collision, the defendant was charged with driving under the influence and a stop sign violation. The defendant was arrested and elected to take a breath test pursuant to the implied consent law (section 42–4–1202, C.R.S.1973).

Prior to trial, the defendant filed a motion for production and examination of his breath sample. At the hearing on the motion the prosecution disclosed that the breath sample was consumed in the course of the blood alcohol analysis by the Mark II Gas Chromatograph Intoximeter Breath Alcohol Analyzer. As a result, the prosecution could not produce a breath sample for independent analysis by a defense expert.[1]

The defendant then moved to suppress the results of the blood alcohol test on the grounds that the prosecution failed to preserve a breath sample for independent testing in violation of his constitutional rights to due process and equal protection of the laws. The county court denied the defendant's motion to suppress, and the Superior Court affirmed.

The constitutional issues raised by the defendant were answered by this Court in *Garcia v. District Court*, 197 Colo. 38, 589 P.2d 924 (1979). Accordingly, the sole issue on review is application of *Garcia v. District Court, supra*, to the facts of this case.

In *Garcia, supra*, we stated:

"The procedures [for production of a breath sample] have prospective effect and are not to be considered retroactively, except as to the parties to these proceedings and as to those cases wherein motions for production of breath samples or breathalyzer ampoules have already been made. *Lauderdale v. State*, 548 P.2d 376 (Alaska 1976)." *Id.* at 40–41, 589 P.2d 924.

The prosecution asserts that the foregoing language evinces an intent not to apply the holding in *Garcia, supra*, to cases in which convictions had already been obtained.

█ A conviction becomes final when the judgment of conviction is rendered, the availability of appeal exhausted, and time for discretionary review has elapsed. *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). *See People v. Carter*, 186 Colo. 391, 527 P.2d 875 (1974). (For the purposes of reviewing and granting relief from sentences validly imposed, the judgment and sentence is not final until after appellate remedies for review have been exhausted.)

█ Here the defendant filed a motion for production of a breath sample, laid a proper foundation for his motion to suppress, and perfected an appeal to the Superior Court prior to the announcement of *Garcia v. District Court, supra*. While his appeal was pending, *Garcia v. District Court, supra*, was announced. At that time, the defendant's judgment of conviction was not final.

---

1. Testimony established that inexpensive methods existed to obtain a breath sample for use by the defense, but that no breath sample was preserved.

Accordingly, we affirm the defendant's conviction for a stop sign violation and reverse the conviction for driving under the influence and remand for a new trial on that charge consistent with our directions in *Garcia v. District Court, supra.*