No. 84-541

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

CLINTON CHARLES PEARSON,

        Defendant and Appellant.

_____


APPEAL FROM:  District Court of the Tenth Judicial District,
In and for the County of Judith Basin,
The Honorable Peter L. Rapkoch, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Torger S. Oaas argued, Lewistown, Montana


    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Barbara Claassen argued, Asst. Atty. General, Helena
Mark L. Stermitz argued, County Attorney, Stanford,
Montana

_____

           Submitted:  June 17, 1985

           Decided:  August 22, 1985


Filed:  AUG 22 1985


_____
                Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court, Tenth Judicial District, Judith Basin County, declaring Clinton Charles Pearson guilty of criminal possession of dangerous drugs in violation of § 45-9-102, MCA.

During the early morning hours of March 10, 1984, Sheriff Deputies Steve Knecht and John Schilling were on patrol and received a call about a problem with a vehicle near Windham, Montana. Upon responding to the call the deputies discovered a pickup parked in the highway with lights on and motor running. The driver of the pickup, defendant Clinton Pearson, was asleep on the front seat. The deputies turned off the ignition, removed the keys, and then woke up Pearson. They directed him to the rear of the pickup where they performed field sobriety tests. Pearson was arrested for driving under the influence and placed in custody in the patrol car. He was notified that his pickup was being impounded and would be driven to the Judith Basin County Sheriff's Office.

After arresting Pearson and removing him to the patrol car, Deputy Knecht entered the cab of the pickup and looked for empty beer cans. He did not find beer cans but he did discover a rolled up white bag in the pocket of the seat covers (saddlebag covers) located below the seat. "A green stem or stick" protruding from the bag made Knecht suspicious that the bag might contain an illegal substance. Without touching the bag he drove the pickup to the Sheriff's Office in Stanford. As he did so he noticed a piece of paper on the dashboard which looked like a "nickel bag," commonly used in the drug trade to hold cocaine. After arriving in Stanford he parked and locked the pickup. He then phoned the Deputy County Attorney. On the advice of the Deputy County Attorney he returned to the pickup without a warrant and removed the

2

white bag under the seat. He opened it and discovered marijuana. Based upon this, Pearson was advised that he would be charged with misdemeanor possession of marijuana. A cellophane wrapper of suspect marijuana was also found on the floor of the Sheriff's Office under a chair in which Pearson had been sitting. This was seized and placed in the evidence locker. Later that same day Deputy Knecht obtained a warrant and made a search of the pickup. Cocaine was discovered during the course of this search.

On March 12, 1984, Pearson was charged with a violation of 45-9-102(3), MCA. Pearson moved for the suppression of all evidence seized from the pickup on March 10, 1984. After a hearing, the District Court ruled that the seizure of the white bag of marijuana without a warrant was illegal. Said search and seizure, the lower court reasoned, could not be justified as a search incident to a lawful arrest nor could it be justified under the "plain view doctrine." In addition, the District Court found that the seizure of evidence on the floor of the Sheriff's Office was legal and also found that evidence obtained under the warrant was legal despite the first, illegal, seizure of the white bag. A nonjury trial was held on May 24, 1984. On June 13, 1984, Pearson was found guilty of criminal possession of dangerous drugs in violation of 45-9-102, MCA. He was sentenced to five years imprisonment with three suspended. He appeals the conviction and the sentence.

The following issues are raised by this appeal:

1. Whether the District Court properly allowed the introduction of evidence seized pursuant to the search warrant?

2. Whether the charge against Pearson should have been dismissed because of a defect in the prosecutor's information?

3

3. Whether the procedure used to sentence Pearson was proper?

In Silverthorne Lumber Co. v. United States (1920), 251 U.S. 385, 40 S.Ct. 182, 64 L.Ed. 319, the Court held invalid a subpoena that had been issued on the basis of information acquired through an illegal search. This gave rise to the rule against admission of derivative evidence or the "fruits of the poisonous tree." Evidence gathered as a result of an unconstitutional search was deemed inadmissible. In this case, Pearson wants to keep out evidence of cocaine possession based on a legal search because a prior illegal search had turned up marijuana. The argument is that knowledge of the marijuana gave probable cause to search further and tainted the discovery of the cocaine. There are, however, exceptions to the rule that evidence gathered as a result of an unconstitutional search is inadmissible. These exceptions were succinctly stated by this Court in State v. Allies (1979), 186 Mont. 99, 117, 606 P.2d 1043, 1052-53.

> "There are three general exceptions to exclusion of the fruit of the poisonous tree. (1) If the evidence is attenuated from the constitutional violation so as to remove its primary taint, it will be admissible. ['[W]hether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'] Wong Sun, 371 U.S. at 488, 83 S.Ct. at 417, 9 L.Ed.2d at 455. (2) If the evidence is obtained from a source independent of the defendant's confession, it will be admissible. Silverthorne Lumber Co. v. United States, 251 U.S. at 392, 40 S.Ct. at 183, 64 L.Ed. at 321. (3) If it is inevitable that the evidence would have been discovered apart from the defendant's confession, it is admissible. [Citation omitted.]"

In Allies the primary taint was an illegal confession. The exceptions apply equally, however, to an illegal search. Our facts fit four-square into the foregoing exceptions. Even if we grant the illegality of the marijuana seizure, the seizure

4

of the cocaine was not a result of the exploitation of that illegality. There was knowledge independent of the illegal search that supported probable cause. Deputy Knecht had seen the "nickel bag" in plain view. In addition, Pearson dropped a cellophane wrapper containing marijuana on the floor of the Sheriff's office. These two facts would be sufficient to support probable cause independent of the illegal seizure of the marijuana. There seems little question that the cocaine was discovered for reasons independent of the prior illegal search. Finally, even if Deputy Knecht had not been in a hurry to seize the marijuana without a warrant, the cocaine would inevitably have been discovered. This is because there were the independent sources supporting probable cause mentioned above, most notably the fact that Knecht had already seen the "nickel bag." We hold that the District Court properly allowed the introduction of evidence seized pursuant to the search warrant.

There is no question that the prosecutor's information filed against Pearson contains error. Count I reads in full as follows:

> "1. That the facts constituting the offense of Count I are that at and in the said time and place, the Defendant did then and there have under his control and possession a dangerous drug, cocaine, as defined in §50-32-101(18) MCA (1983). All of the above, done in violation of §45-9-102(3) MCA (1983), entitled criminal possession of an opiate, as defined in §50-32-101(18) MCA (1983), to be considered a felony under said statute."

Section 45-9-102(3), MCA, is the penalty section for possession of an opiate. For whatever reason, the information makes reference to the penalty provision for possession of an opiate (§ 45-9-102(3)) while charging possession of cocaine. The correct penalty provision for possession of cocaine and other dangerous drugs is § 45-9-102(4). Pearson moved at the close of trial for the

5

dismissal of the charge on the grounds that the State had proved the possession of cocaine but had not proved that cocaine was an opiate; therefore, all essential elements of the offense charged had not been proved. The District Court denied Pearson's motion to dismiss and found him guilty of § 45-9-102, MCA. We concur and note the following from our recent opinion in State v. Hankins (1984), 680 P.2d 958, 962, 41 St.Rep. 762, 766:

> "Montana follows the general rule that an information is sufficient if it properly charges an offense in the language of the statute describing the offense. State ex rel Glantz v. District Court (1969), 154 Mont. 132, 461 P.2d 193. 'An information need only be sufficient to apprise the accused of the crime charged. It need not be perfect.' State v. Coleman (1978), 177 Mont. 1, 22, 579 P.2d 732, 745."

In this case, the information properly charges the offense of possession of cocaine in the language of the statute proscribing such possession, § 45-9-102, MCA. Further, the information clearly put Pearson on notice that he was being charged with possession of cocaine. The fact that the information contained the wrong penalty provision did not prejudice Pearson or in any way impair his ability to prepare a defense. The information contained harmless error and was therefore sufficient.

Finally, Pearson requests that this Court order a resentencing on the grounds that he was sentenced in violation of his due process rights. A sentencing hearing was held in this case on August 13, 1984. A presentence report was filed with the District Court on July 23, 1984, and a copy of the report was made available to Pearson's attorney at that time. The report did not recommend incarceration at the State Prison in Deer Lodge. At the sentencing hearing, the State called the author of the presentence report who testified that based on information received after the filing of the presentence report, he had a

6

new recommendation of five years at Deer Lodge with three suspended. Pearson argues that the new recommendation violated his due process rights to have advance notice of facts that make up a sentencing recommendation. Neither Pearson nor his lawyer received notice that the recommendation would be changed based on facts gathered after the presentence report was filed.

We note first of all that, contrary to Pearson's contention, there is no due process right on the part of a defendant to have advance notice of all facts that make up a sentencing recommendation. There is, however, a due process guarantee against a sentence predicated on misinformation. Spurlock v. Crist (1980), 188 Mont. 449, 614 P.2d 498; State v. Stewart (1977), 175 Mont. 286, 573 P.2d 1138; State v. Orsborn (1976), 170 Mont. 480, 555 P.2d 509. The real issue before us is whether, given the new information revealed at the presentence hearing, Pearson was afforded this due process protection. We hold that he was. First, Pearson was represented by an attorney at the presentence hearing, the time the new information was revealed. Second, the attorney cross-examined the author of the presentence report extensively during the hearing concerning the new information. Third, Pearson states in his brief that the new information "is totally incorrect but given the circumstances that existed here he was denied the opportunity to refute [it]." This is not so. The record indicates that Pearson had the opportunity to take the stand during the hearing at which time he could have rebutted the new information as well as the information provided in the report. Pearson cannot now complain because he did not avail himself of the opportunity. Fourth, confronted with the new information at the presentence hearing, Pearson could have asked for a continuance in order to call his own rebuttal witnesses. Once again, he cannot now complain because he did not do so.

7

In State v. Radi (1979), 185 Mont. 38, 604 P.2d 318, and Spurlock v. Crist, supra, we stated that there is an affirmative duty on the part of a defendant to present evidence that demonstrates the inaccuracies in a presentence report. "[F]ailure on the part of the defendant to challenge the accuracies of statements or to offer contrary evidence at the time of sentencing is fatal." Radi, 185 Mont. at 41, 604 P.2d at 320. Pearson was given the opportunity to protect his due process right not to be sentenced based on misinformation. The fact that he did not avail himself of the opportunity to expose information he considered erroneous is irrelevant. No grounds exist on which to order a resentencing.

The conviction and the sentence are affirmed.

Justice

We concur:

Chief Justice

Justices

8