FILED

08/15/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0723

DA 15-0723

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 198N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CYLE KEITH KOKOT,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 14-257C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Chad Wright, Chief Appellate Defender, Alexander H. Pyle, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
Attorney General, Helena, Montana

            Marty Lambert, Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs:  May 31, 2017

Decided:  August 15, 2017

Filed:

                                         Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Cyle Keith Kokot appeals an order of the Eighteenth Judicial District Court, Gallatin County, sentencing him to the Montana State Prison for twenty-five years with ten years suspended for one count of sexual assault in violation of § 45-5-502, MCA. We address whether the District Court premised its sentencing decision on materially false information, and whether the District Court abused its discretion by imposing alcohol-related conditions to Kokot's sentence. We affirm in part and reverse in part.

¶3 In August 2014, Kokot was arrested and charged with two counts of sexual intercourse without consent, in violation of § 45-5-503, MCA, for allegedly having sex with two minor-age high school students—FS1 and FS2—while Kokot was employed as the girls' high school basketball coach. On September 17, 2014, at his first court appearance, the District Court told Kokot to not contact any of the alleged victims or witnesses in the case. Despite that order, Kokot contacted FS2 over fifty times, and contacted a witness in the case and accused her of lying to law enforcement. On May 1, 2015, Kokot pleaded guilty to a single charge of sexual assault of FS2 in violation of § 45-5-502, MCA. As part of the presentence investigation, Kokot was required to

2

undergo a psychosexual evaluation in which he described the web of relationships, deceit, and improper conduct involving the girls on the basketball team.

¶4 On September 22, 2015, at the sentencing hearing, the District Court listed a number of reasons for its sentence, including: the sexual relationship Kokot admitted to with FS1; Kokot's violation of the trust placed in him by the school district he worked for and the parents of his players; Kokot's abuse of his authority as a basketball coach; and his contact with FS2 and a witness in violation of the District Court's order. Ultimately, Kokot was sentenced to twenty-five years in the Montana State Prison with ten years suspended, which included a condition requiring Kokot to "not use or possess alcohol . . . [or] enter or seek employment at any establishment where alcohol is the chief item of sale," and that Kokot submit to alcohol testing. Kokot timely appealed the sentencing order.

¶5 We review whether a sentencing order violates a defendant's constitutional right de novo. *State v. Simmons*, 2011 MT 264, ¶ 9, 362 Mont. 306, 264 P.3d 706. We review probation conditions for abuse of discretion. *State v. Leyva*, 2012 MT 124, ¶ 15, 365 Mont. 204, 280 P.3d 252. Abuse of discretion occurs when a sentencing court acts arbitrarily without conscientious judgment or exceeds the bounds of reason. *State v. Hernandez*, 2009 MT 341, ¶ 7, 353 Mont. 111, 220 P.3d 25.

¶6 Kokot argues on appeal that the District Court violated his due process rights by basing its sentencing decision on a misunderstanding of the facts. Kokot maintains he never admitted to having a sexual relationship with FS1, and therefore is entitled to a new sentencing hearing. In the alternative, Kokot argues the alcohol condition on his sentence

3

lacks any nexus to himself or the crime he committed, and should be struck from the sentencing order. The State argues the District Court accurately interpreted the evidence presented at the sentencing hearing. The State concedes that the alcohol condition should be struck from Kokot's sentence.

¶7 A defendant's due process rights include protection against a sentence "predicated on misinformation." *State v. Sherman*, 2017 MT 39, ¶ 13, 386 Mont. 363, 390 P.3d 158. In making the argument that misinformation exists, the defendant has an affirmative duty to show that the sentence was premised upon "materially inaccurate or prejudicial" information. *Bauer v. State*, 1999 MT 185, ¶ 22, 295 Mont. 306, 983 P.2d 955. Where no erroneous information is involved in imposing a sentence, there is no need for a reversal. *Bauer*, ¶ 24. Kokot claims that his references to sexual activity with FS1 were recounted in his psychosexual evaluation as a description of the lies he told in order to prevent anyone from alerting the authorities about his sexual activity with FS2. After reviewing all the evidence, however, the District Court reasonably concluded Kokot had indeed engaged in sexual activity with FS1, despite Kokot's attempt to characterize his alleged sexual relationship with FS1 as actually an attempt to cover up his sexual relationship with FS2. The record is replete with evidence that supports the District Court's conclusion. Moreover, the District Court's recitation of the reasons for its sentence involved far more than just Kokot's relationship with FS1. Kokot has failed to demonstrate that his sentence was premised on materially inaccurate or prejudicial information in violation of his due process rights. *Bauer*, ¶ 24.

¶8    The State concedes the sentencing order should be remanded in order to strike the conditions prohibiting Kokot from using or possessing alcohol, entering or seeking employment at any establishment where alcohol is the chief item of sale, and requiring him to submit to alcohol testing. Notwithstanding the State's concession, however, we have previously held:

> [A] standard condition of probation which the Department of Corrections adopts by rule, may not conflict with conditions imposed by a sentencing court. Thus, a standard condition adopted by the Department of Corrections will be included as a condition of a probationary sentence unless the District Court determines, in the exercise of its discretion, that a standard condition is inappropriate under the sentence it is imposing. We will review the sentencing judge's conclusion that a standard condition should or should not be imposed for an abuse of discretion.

*Hernandez*, ¶ 7.    The conditions prohibiting an offender from using or possessing alcoholic beverages and illegal drugs, and requiring him to submit to bodily fluid testing for drugs or alcohol, are standard conditions of probation which the Department of Corrections has adopted by rule. ARM 20.7.1101(9). The District Court here obviously did not find these conditions inappropriate since it affirmatively imposed them as conditions of Kokot's sentence. Kokot presents no argument for striking these conditions other than contending they fail the nexus test we established in *State v. Ashby*, 2008 MT 83, 342 Mont. 187, 179 P.3d 1164.[1]    However, we held in *Hernandez* that "the *Ashby* requirement of a nexus to the offender or to the offense does not apply" under these circumstances. *Hernandez*, ¶ 6. We conclude the District Court did not abuse its

---

[1] "In imposing conditions of sentence, a sentencing judge may impose a particular condition of probation so long as the condition has a nexus to either the offense for which the offender is being sentenced, or to the offender himself or herself." *Ashby*, ¶ 15.

discretion in imposing the conditions prohibiting Kokot from using or possessing alcoholic beverages and illegal drugs, and requiring him to submit to alcohol testing.

¶9 The District Court's condition prohibiting Kokot from entering or seeking employment at any establishment where alcohol is the chief item of sale has not been adopted by the Department of Corrections, is not otherwise authorized by statute, and is thus subject to the *Ashby* nexus test. The District Court made no finding of a nexus between Kokot or the offense of which he was convicted and this condition, and the State has conceded that it should be struck. Therefore, we reverse the District Court with respect to the condition prohibiting Kokot from entering or seeking employment at any establishment where alcohol is the chief item of sale.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. Having reviewed the briefs and the record on appeal, we conclude Kokot has not met his burden of persuasion regarding the length of his sentence, and that the District Court's ruling was an abuse of discretion with respect to one of its probation conditions. The sentence imposed is affirmed in part, reversed in part, and remanded with instructions to strike the condition prohibiting Kokot from entering or seeking employment at any establishment where alcohol is the chief item of sale.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE