FILED

09/08/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0339

DA 19-0339

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 229N

STATE OF MONTANA,

     Plaintiff and Appellee,

  v.

CODY LEE WRIGHT,

     Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 18-466
Honorable Karen S. Townsend, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

        Megan M. Moore, Megan Moore Law, PLLC, Bozeman, Montana

     For Appellee:

        Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

        Kirsten H. Pabst, Missoula County Attorney, Lacey Lincoln, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs: August 19, 2020

Decided: September 8, 2020

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Cody Lee Wright (Wright) appeals from the April 19, 2019 Judgment of the Fourth Judicial District Court, Missoula County. We affirm.

¶3    On August 5, 2018, Wright was charged with Count I - Aggravated Burglary, a felony, Count II - Partner or Family Member Assault (PFMA), 1st offense, a misdemeanor, and Count III - Criminal Destruction of or Tampering with a Communication Device, a misdemeanor. Wright did not enter into a plea agreement with the State, but pled guilty to all three offenses. On March 19, 2019, the District Court imposed sentence as follows: on Count I, Wright was sentenced to a 15-year commitment to the Montana Department of Corrections, all suspended; on Count II a 12-month commitment to the Missoula County Detention Facility (MCDF) with all but 3 days suspended; and on Count III a six-month commitment to MCDF, all suspended. The sentences for all three counts were imposed to run concurrently.

¶4    Wright appeals from the sentencing judgment. He asserts the District Court erred by placing improper weight upon pending, unproven charges resulting in a more severe sentence in violation of his state and federal constitutional rights and by improperly

2

considering unsubstantiated allegations he had violated the conditions of his pretrial supervision by contacting the victim. Contrarily, the State asserts Wright's sentence was within the statutory parameters and therefore legal, and the District Court did not improperly consider any information or misinformation.

¶5 "We review a criminal sentence de novo for legality and compliance with statutory mandates." *State v. Youpee*, 2018 MT 102, ¶ 4, 391 Mont. 246, 416 P.3d 1050 (citations omitted). A sentence is not illegal if it falls within statutory parameters. *State v. Hinshaw*, 2018 MT 49, ¶ 7, 390 Mont. 372, 414 P.3d 271 (citation omitted). Whether a constitutional right is violated at sentencing is reviewed de novo. *State v. Simmons*, 2011 MT 264, ¶ 9, 362 Mont. 306, 264 P.3d 706. A sentencing court may consider any relevant evidence which relates to the defendant's character, history, and mental condition and any evidence the court deems to have "probative force." *Simmons*, ¶ 11 (citing *State v. Collier*, 277 Mont. 46, 63, 919 P.2d 376, 387 (1996)). Due process guards against a sentence predicated on misinformation, but does not guard against insignificant or non-prejudicial misinformation such that to overturn his sentence a defendant must show the sentence to be based on materially inaccurate or prejudicial misinformation. *Simmons*, ¶ 11; *State v. Hocevar*, 2000 MT 157, ¶ 100, 300 Mont. 167, 7 P.3d 329; *Bauer v. State*, 1999 MT 185, ¶ 22, 295 Mont. 306, 983 P.2d 955.

¶6 From our review of the record, we conclude the District Court committed no reversible error. The sentence fell within the statutory parameters.[1] There is no indication in the record the District Court imposed a more severe sentence because Wright had incurred additional pending offenses in another county (Ravalli County) or that the District Court improperly questioned Wright in violation of his Fifth Amendment right against self-incrimination. The PSI report referenced the Ravalli County charges. At sentencing, the District Court inquired as to the status of the Ravalli County matters. Given the PSI reference, it was reasonable for the court to make inquiry as to the status of the Ravalli County charges. Wright's counsel accurately advised the District Court the alleged Ravalli County incident took place some months after the charges for which Wright was being currently sentenced and the charges remained pending. Wright's counsel later volunteered Wright has recognized he's "had this period of time in his life where alcohol has become an issue" and he "very much wants to work on remedying that issue, understanding that it can really have a severe impact on his future." Given this, it was reasonable for the court to inquire as to what Wright had been doing to address his recognized alcohol problems which resulted in counsel advising the court, "[w]hen the Ravalli County situation happened in November, his level of supervision stepped up tremendously . . . and [he] has

---

[1] Although Wright was arguably eligible to receive a deferred imposition of sentence and the DOC commitment period perhaps exceeded the time period some of us would impose were we to substitute our judgment for that of the District Court, the sentence for aggravated burglary was not per se illegal as it fell within the statutory parameters of § 45-6-204(3), MCA.

been in compliance with that." In discussing Wright's alcohol problems in relation to the charges he was being sentenced on, it was appropriate for the District Court to note the pending Ravalli County charges to also have an alcohol-related nexus. When the court asked Wright if there was anything he would like to say, he volunteered information regarding losing his truck in the Ravalli County accident. The District Court did not elicit admission of criminal culpability from Wright related to the Ravalli County charges and there is nothing in the record to establish the District Court enhanced Wright's sentence based on these pending charges. In fact, the District Court specifically noted the "extremely serious offense" as the primary basis for the sentence.

¶7 We likewise conclude there is no indication the District Court imposed a more severe sentence because the State asserted at sentencing that Wright had contacted the victim in violation of the pretrial condition precluding him from doing so. In response to Wright's counsel asserting he had been complying with his conditions of release, the appearing prosecutor advised the court that the lead prosecutor in the case had made a note in the file that Wright texted the victim immediately after he was released from Ravalli County. Wright's counsel advised she had no knowledge of this allegation prior to the hearing and had no information or ability to respond to it. The District Court then noted there was no victim impact statement for the court to consider. There is nothing in the record to establish the District Court enhanced Wright's sentence based on texting the victim—whether this information was accurate or not—while on pre-trial release.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE