FILED

09/09/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0166

DA 24-0166

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 207N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

JONATHAN LOUIS KESSLER,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC-23-364
Honorable Elizabeth A. Best, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Tammy A. Hinderman, Appellate Defender Division Administrator,
Emma N. Sauve, Assistant Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Thad Tudor, Assistant
Attorney General, Helena, Montana

          Joshua A. Racki, Cascade County Attorney, Michele Levine, Deputy
County Attorney, Great Falls, Montana

                  Submitted on Briefs:  June 11, 2025

                        Decided:  September 9, 2025

Filed:

                  _____
                           Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jonathan Kessler appeals from the January 23, 2024 Sentencing Order and Judgment issued by the Eighth Judicial District Court, Cascade County, sentencing Kessler to four years to the Montana Department of Corrections (DOC), with two years suspended, for felony theft, third or subsequent offense. Kessler argues that he is entitled to resentencing because the District Court's sentencing decision was premised on a misunderstanding of his criminal history and a mistaken assumption that a minimum prison sentence was required by statute. Specifically, Kessler alleges that the District Court erroneously considered his conviction to be a third or subsequent felony theft offense when, in fact, it was only his second. Kessler further argues that by considering the conviction as a third or subsequent offense, the District Court mistakenly assumed a two-year minimum prison sentence was required under § 45-6-301(7)(b)(i), MCA; a requirement that a second felony theft offense does not carry. According to Kessler, if the District Court had sentenced him to felony theft, second offense, the District Court may not have included two years of incarceration in his sentence. Kessler, in essence, asserts the District Court used his prior misdemeanor theft convictions to enhance the sentence for his felony theft

2

conviction in violation of his due process rights. Thus, on appeal, Kessler seeks to be resentenced for felony theft, second offense.

¶3 On June 1, 2023, Kessler was charged with felony theft, third or subsequent offense, in violation of § 45-6-301(1)(a), MCA, for the theft of two Honda generators, which had a combined value of approximately $2,400. Additionally, Kessler was charged with misdemeanor criminal trespass to vehicles and misdemeanor criminal mischief.

¶4 On November 20, 2023, Kessler entered into a non-binding plea agreement in which Kessler agreed to plead guilty to felony theft, third or subsequent offense, and the State agreed to recommend a four-year commitment to the DOC, with two years suspended, and drop the two misdemeanor charges.

¶5 On November 27, 2023, Kessler pled guilty to felony theft, third or subsequent offense, in violation of § 45-6-301(1)(a), MCA. During the change of plea hearing, the court asked Kessler, "[I]s it true you have two prior convictions for felony theft?" To which Kessler responded, "Yes." Kessler was found guilty of felony theft, third or subsequent offense, and the State dismissed the two misdemeanors.

¶6 However, after Kessler was found guilty but prior to the District Court's sentencing hearing, a presentence investigation (PSI) was conducted and revealed that although Kessler had several prior misdemeanor convictions and a pending felony drug charge, he had only one prior felony theft conviction. Thus, while Kessler attested to having two prior felony theft convictions during the change of plea hearing, he actually only had one prior felony theft conviction. Therefore, the conviction to be sentenced was not a third or subsequent felony theft offense, but rather, his second felony theft offense.

3

¶7 At the sentencing hearing, the District Court referenced the PSI and explicitly acknowledged that the conviction was Kessler's second felony theft offense, not a third or subsequent offense. Kessler requested the District Court sentence him to felony theft, second offense. At the hearing, the State advocated for the term agreed to in the plea agreement and, in support thereof, noted concerns with Kessler's longstanding history of drug abuse and chemical dependency, as well as Kessler having a deferred sentence revoked in the past following difficulties on probation.

¶8 The District Court ultimately sentenced Kessler to the DOC for four years, two years suspended, with the Judgment inadvertently referencing the conviction as felony theft, third or subsequent offense, consistent with the term of incarceration set forth in the plea agreement. In imposing its sentence, the District Court explained that its decision took "into account everything [it] read and heard from [Kessler]." Echoing the concerns raised by the State, the District Court emphasized Kessler's longstanding history of drug addiction and his lack of treatment, stating "This has to be addressed. . . . [I]t's driving you, and it's driving – it's probably driving your family apart."

¶9 The District Court's sentencing order states its reasons for imposing the sentence, which include: "that the Defendant has 1 prior felony(ies)[,] [h]is history on supervision was not good," "that the Defendant had difficulty under supervision while on probation," and that the sentence "provides opportunity for Defendant's treatment or rehabilitation and is in the best interest of the community." While the District Court provides additional reasons for imposing the sentence, it does not state that it considered Kessler's prior

4

misdemeanor theft convictions to enhance the penalty for his felony theft or that it was bound by any minimum sentencing requirements.

¶10 On appeal, Kessler asserts that the District Court's decision to include two years of incarceration in his four-year sentence was materially influenced by the District Court's misunderstanding of his criminal history and its mistaken assumption that a two-year minimum prison sentence was required. Kessler seeks to be resentenced for felony theft, second offense.

¶11 We review a criminal sentence for legality. *State v. Hinshaw*, 2018 MT 49, ¶ 7, 390 Mont. 372, 414 P.3d 271. "Our review is confined to determining whether the sentencing court had statutory authority to impose the sentence, whether the sentence falls within the parameters set by the applicable sentencing statutes, and whether the court adhered to the affirmative mandates of the applicable sentencing statutes." *State v. Rosling*, 2008 MT 62 ¶ 59, 342 Mont. 1, 180 P.3d 1102. When the issue on appeal concerns whether the district court violated the defendant's constitutional rights at sentencing, the question is a matter of law which we review de novo to determine whether the district court's interpretation of the law is correct. *State v. Legg*, 2004 MT 26, ¶ 24, 319 Mont. 362, 84 P.3d 648.

¶12 Montana's criminal theft statute provides:

[A] person convicted of the offense of theft of property that exceeds $1,500 in value and does not exceed $5,000 in value shall be fined an amount not to exceed $1,500 or be imprisoned in the state prison for a term not to exceed 3 years, or both. A person convicted of a second offense shall be fined an amount not to exceed $1,500 or be imprisoned in the state prison for a term not to exceed 5 years, or both. A person convicted of a third or subsequent offense shall be imprisoned in the state prison for a term of not less than

5

> 2 years or more than 5 years and may be fined an amount not to exceed $5,000.

Section 45-6-301(7)(b)(i), MCA.

¶13 Accordingly, a second, third, or subsequent felony conviction carries a five-year maximum prison sentence. However, only a third or subsequent felony conviction carries a two-year minimum prison sentence requirement.

¶14 A district court is given a wide scope of inquiry when imposing a sentence. *State v. Lee*, 2025 MT 30, ¶ 17, 420 Mont. 335, 563 P.3d 731. A district court "may consider any relevant evidence relating to the nature and circumstances of the crime, the defendant's character, background history, mental and physical condition, and any evidence the court deems has probative force." *Lee*, ¶ 17 (citing *State v. Klippenstein*, 239 Mont. 42, 45, 778 P.2d 892, 894 (1989)). However, under the constitutional guarantee of due process, a convicted defendant must be given "an opportunity to explain, argue, and rebut any information[,] including presentencing information[,] that may lead to deprivation of life, liberty, or property." *Bauer v. State*, 1999 MT 185, ¶ 22, 295 Mont. 306, 983 P.2d 955. Due process prohibits a court from relying on materially false information when imposing a sentence and guaranteeing a defendant an opportunity to respond better ensures that the sentencing judge has accurate information. *Bauer*, ¶¶ 21-22 (citing *Bishop v. State*, 254 Mont. 100, 110, 835 P.2d 732, 738 (1992)).

¶15 However, because due process only protects against *materially* false information, "a defendant is under an 'affirmative duty' to show the alleged misinformation is materially inaccurate or prejudicial before a sentence will be overturned." *Bauer*, ¶ 22 (quoting *State*

6

*v. Pearson*, 217 Mont. 363, 368-69, 704 P.2d 1056, 1060 (1985)). Accordingly, where it has been determined that the sentencing court did not rely on improper or erroneous information in sentencing a defendant, "there is 'nothing to correct or rebut' and, therefore, that defendant is not entitled to resentencing on due process grounds." *Kills on Top v. State*, 2000 MT 340, ¶ 67, 303 Mont. 164, 15 P.3d 422 (quoting *Bauer*, ¶ 24).

¶16    The record establishes that, at the time of sentencing, the District Court had reviewed the PSI and clearly understood that the conviction was only Kessler's second felony theft offense. The District Court explicitly acknowledged that Kessler had only a single felony theft conviction in both the sentencing hearing and the sentencing order. Further, the District Court makes no mention of Kessler's prior misdemeanor theft offenses or any minimum sentencing requirement in its reasoning, as provided in the sentencing order. Thus, there is no indication that the District Court believed the conviction to be Kessler's third or subsequent felony theft offense or that the District Court erroneously stacked Kessler's misdemeanor thefts to make the felony theft conviction a third or subsequent felony offense.

¶17    Further, the District Court explains in both the sentencing hearing and sentencing order that its decision is based primarily upon Kessler's long-standing history of untreated addiction and his history of difficulties while previously under supervision on parole. At the sentencing hearing, the District Court repeatedly stressed Kessler's history of substance abuse and chemical dependency and even suggested it to be the root cause of his criminal conduct. In the sentencing order, the District Court considered Kessler's history of methamphetamine use and reasoned that the sentence imposed "provides opportunity for

the Defendant's treatment or rehabilitation and is in the best interests of the community." The District Court provided ample reason for its decision to include two years of mandatory commitment in Kessler's sentence. Contrary to Kessler's argument, it cannot be implied that the District Court's sentencing decision was based on any assumption that incarceration was statutorily required. Kessler has failed to meet his burden in showing that the District Court relied on improper or erroneous information in its sentencing. There is simply nothing in the District Court's sentence to rebut or correct.

¶18 Accordingly, Kessler is not entitled to resentencing on due process grounds and the District Court's sentence, which is consistent with the plea agreement and within the statutory parameters for a second felony theft offense, is lawful. *See* § 45-6-301(7)(b)(i), MCA. As such, we affirm and remand with instructions to the District Court to correct the inadvertent error in the Judgment by striking "3rd or Subsequent Offense" and replacing it with "Second Offense."

¶19 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ INGRID GUSTAFSON

We Concur:

/S/ CORY J. SWANSON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON

8