PETITION OF JERALD A. AMOR
No. 10782.
Decided April 8, 1964.
389 P.2d 180.

PER CURIAM:

Amor is an inmate of the Montana State Prison, where he was received on February 10, 1960, from Lewis and Clark County for the crime of rape. He received a fifteen year sentence after jury trial. No appeal was taken.

Amor was paroled on December 18, 1962. While on parole, Amor was charged with burglary in Valley County, Montana, to which crime he pleaded guilty and was sentenced to seven years to follow the former sentence of fifteen years. Thus, he was returned to prison as a parole violator and with another felony conviction on May 23, 1963.

Now, in a handwritten petition, Amor makes charges of violation of his constitutional rights. He would now go back to his original trial in 1960, the statutory time for appeal long since past. Since that time he has been paroled, violated parole, pleaded guilty to another crime while on parole, been sentenced

to prison again; and now, would attempt to go back to his original trial.

His contentions of violation of his constitutional rights have familiar tones. This Court does not mean to be cynical and carefully studies all of these matters submitted, but certainly in doing so will look to the facts and not to the wandering "shot gun" charges against eminent counsel and judges of our state.

The petitioner makes four points in his summary concerning his conviction over four years ago. They are:

(1) The sentencing judge considered pre-sentencing reports before passing judgment and the defendant was denied an opportunity to refute or deny the facts therein;

(2) Incompetency of counsel;

(3) That he, the defendant, did not have sexual intercourse with the complaining witness; and

(4) That the petitioner was denied a change of venue and thus deprived of a fair trial.

Based upon these assertions, the petitioner seems to request a transcript of the trial proceedings so that he might study it to see if some error might have been committed. Petitioner makes much of the difference between rich and poor and asserts that since he is poor he cannot have his transcript; and that thus he is denied "equal protection" and "due process" under the Constitution.

First, even to dignify the assertions concerning the district judge and counsel by consideration causes us some concern. But, to say that a district judge may not consider a defendant's background in passing sentence either for treatment or punishment is of course ridiculous. To assert now, after the history of this defendant previously briefly recited, that he did not have opportunity to refute or deny any of the presentence report considered by the judge is also ridiculous unless we accept the second assertion that counsel was incompetent.

This second assertion as to incompetency of counsel is not

accepted. Counsel was and is eminently qualified, experienced, and held in high regard by the Courts and Bar of this State. This charge of incompetency of counsel seems to come of recent times from all defendants who are convicted and will not be further discussed.

The third assertion of lack of guilt, belies all the facts, the verdict, and the testimony adduced at the trial. It simply has no basis.

The fourth assertion, that a .change of venue was denied comes far too late, even if it were otherwise valid.

From our study of the matters presented by Amor's petition, we find that no meritorious cause exists for any relief and the petition is denied.