John Mark **CROWDER**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–73–173.

Court of Criminal Appeals of Oklahoma.

Jan. 16, 1974.

Heskett & Heskett, Joe Robertson, Bartlesville, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., William Thiebaut, Jr., Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, John Mark Crowder, hereinafter referred to as defendant, entered a plea of guilty in the District Court, Washington County, Case No. CRF–72–570, to the offense of Burglary in the Second Degree; his punishment was fixed at two (2) years imprisonment, ninety (90) days of which were to be actually served and the remainder suspended, and from said judgment and sentence, a timely appeal has been perfected to this Court.

The record reflects that on February 15, 1973, the defendant entered a plea of guilty to the charge of Burglary in the Second Degree. Defendant was represented by competent counsel and entered an informed, intelligent and voluntary plea of guilty with full knowledge of the nature and consequences of such plea. At defendant's request, the trial court ordered a pre-sentence investigation and report and set formal sentencing for March 27, 1973. Sentencing was passed until May 9, 1973, at which time the District Attorney requested an evidentiary hearing be conducted in order to rebut defendant's version of what events occurred during the burglary as set forth in defendant's pre-sentence investigation report. One witness was called and after a few preliminary questions, the trial court ruled that it would not receive any further testimony. After hearing defendant's counsel's argument in support of mitigation of punishment, the trial court sentenced defendant to two (2) years imprisonment, ninety (90) days of which were to be actually served and the remainder suspended conditioned upon compliance with the rules of probation.

Defendant first argues that the trial court erred in considering specifications of a pending criminal charge set forth in the pre-sentence investigation report, for the purpose of enhancing the punishment. The pre-sentence report states in part:

"[H]e was arrested on March 7, 1973, in Pawhuska on a charge of Assault with a Dangerous Weapon, Case No. 73–172, and at present is being held in the Osage County Jail. His bond has been set at $2500.00 . . . During my conversation with him, he left the impression that he did not take his action seriously which resulted in a charge of Assault with a Dangerous Weapon being filed in Pawhuska."

Defendant contends that since the charge was still pending that the information should not have been included in the pre-

sentence report to enhance punishment. We disagree. Title 22 O.S. § 982, states:

"Upon plea of guilty, or verdict of conviction, in all felony cases, where the court desires more information, it may make suitable disposition of the custody of the defendant and request the Department of Pardon and Parole or its successor to make a study of the defendant. This study shall include, *but not be limited to,* the defendant's previous delinquency, his social background, his capabilities, his mental and physical health, *and such other factors as may be considered pertinent.* . . . the Pardon and Parole Board shall make a written report to the court, a copy of such report to be given to the defendant and District Attorney, which shall be filed with the court clerk, unless otherwise ordered by the court. After receiving such report, the court shall impose such sentence as he deems warranted, . . ." [Emphasis added]

We are of the opinion that the information that defendant, while awaiting the pre-sentence report, was arrested for a felony, would constitute "such other factors as may be considered pertinent." We further observe that had the trial court used the pending charge for enhancement purposes alone, it would be reasonable to conclude that the court would have at least imposed the statutory minimum sentence of two (2) years imprisonment without suspending any portion.

The final proposition contends that the defendant was not given an opportunity to reply to and object to portions of the pre-sentence report. We need only observe that the record reflects that defendant was furnished a pre-sentence investigation report prior to the date set for sentencing; the defendant did not request a continuance nor did defendant request that he be allowed to put on testimony to rebut certain portions of the pre-sentence report. The judgment and sentence is accordingly affirmed.

BLISS, P. J., and BRETT, J., concur.