## No. 26305

**The People of the State of Colorado v. Tennyson Charles Carter, a/k/a "Shaft"**

(527 P.2d 875)

Decided November 4, 1974.

392

John P. Moore, Attorney General, John E. Bush, Deputy, Gregory L. Williams, Assistant, for plaintiff-appellee.

Daniel B. Mohler, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendant-appellant appeals his eight to ten-year sentence under 1971 Perm. Supp., C.R.S. 1963, 40-1-509. We affirm.

On July 11, 1973, an indictment was filed in the El Paso County district court, charging defendant with two counts of sale of a narcotic drug with intent (C.R.S. 1963, 48-5-20) and conspiracy to sell a narcotic drug (C.R.S. 1963, 40-7-35). As a result of plea bargaining these two charges were dropped and defendant pled guilty to an information charging him with a lesser count of sale of narcotic drug (without intent) in violation of C.R.S. 1963, 48-5-2. The authorized sentence for violation of this statute by a first offender is confinement in the state penitentiary for a term of not less than two nor more than fifteen years.

After receiving the guilty plea, the court ordered a presentence investigation by the probation department. The contents of the report became the subject of some dispute, concerning police allegations in the report to the effect that defendant was a substantial dealer of heroin. At the time of sentencing, the defendant testified in his own behalf, requesting leniency of the court. After considering the evidence, the court imposed the eight to ten-year sentence.

Pursuant to 1971 Perm. Supp., C.R.S. 1963, 40-1-509, defendant filed this appeal for review of the sentence imposed. This statute provides as follows:

*"Appellate review of sentence for a felony.* (1) When sentence is imposed upon any person following a conviction of any felony, other than a class 1 felony in which the penalty was decided upon by a verdict of the jury, the person convicted shall have the right to one appellate review of the propriety of the sentence, having regard to the nature of the offense, the character of the offender, and the public interest, and the manner in which the sentence was imposed, including the sufficiency and accuracy of the information on which it was based. The procedures to be employed in such review shall be as provided by supreme court rule.

"(2) No appellate court shall review any sentence which was imposed within the minimum and maximum punishment authorized for the offense involved if the minimum sentence

imposed is not more than three years greater than the minimum sentence provided for the offense, and unless within thirty days after sentence is imposed a written notice is filed in the trial court to the effect that review of the sentence will be sought and said notice must state the grounds upon which it is based.

"(3) The reviewing court shall have power to affirm the sentence under review, substitute for the sentence under review any penalty that was open to the sentencing court other than granting probation or other conditional release, or remand the case for any further proceedings that could have been conducted prior to the imposition of the sentence under review, and for resentencing on the basis of such further proceedings. * * *"

There is no question of the propriety of this appellate proceeding under the statute. Defendant was convicted of a class 2 felony and his sentence of eight to ten years exceeded by three years the two-year minimum sentence applicable under the statute.

Defendant asserts error, charging that the trial court abused its discretion in imposing the eight to ten-year sentence where, as here, he was a first offender; and, further, defendant asserts that the court improperly relied to a significant extent on hearsay statements and statements of pure opinion in the presentence investigation report.

The People, on the other hand, cross-appeal, contending that this Court is without authority to review defendant's sentence, on the grounds that section 40-1-509 is unconstitutional in violation of the separation of powers provision of Article II of the Colorado Constitution; and, further, the People assert that the statute constitutes an unconstitutional legislative attempt to expand the original jurisdiction of the Supreme Court beyond constitutional limitations placed thereon by Article VI, Sections 2 and 3, of the Colorado Constitution.

I.

■■ We will first consider the People's contention that the statute is unconstitutional. We find no merit to the People's argument, and hold that section 40-1-509 is constitutional.

The attorney general argues that the disposition of this case is governed by our pronouncement in *People v. Herrera,* 183 Colo. 155, 516 P.2d 626. There, we held that, after conviction and exhaustion of appellate remedies, relief from a sentence validly imposed may not be obtained through the judiciary, but rather the remedy therefor lies exclusively in the Executive Department by way of commutation. We drew the line of finality beyond which relief from sentences by way of the judicial process could not be obtained. Accordingly, we held 1971 Perm. Supp., C.R.S. 1963, 40-1-510(1)(f) to be unconstitutional as an invasion of the exclusive power of commutation vested in the Executive Department.

■ In *Herrera, supra,* by way of dictum we noted the legislative provision for appellate review of sentences under section 40-1-509, with which we are here concerned. We now hold, as suggested in *Herrera,* that the appellate review of sentences by this Court, before finality of judgment of conviction, as allowed by section 40-1-509, is a proper judicial function and not an improper exercise of the power of commutation reserved to the Executive Department as was the case under section 40-1-510(1)(f).

■ The attorney general's argument is predicated on the theory that the judgment of conviction is final upon entry of the judgment and sentence in the trial court, and that therefore the judiciary may not constitutionally review or grant relief from a sentence validly imposed by the trial court. We again reiterate, with the expectation that the running argument is finally settled, that for the purposes of reviewing and granting relief from sentences validly imposed the judgment and sentence is not final until after appellate remedies for review have been exhausted.

■ The People's second argument of unconstitutionality asserts that section 40-1-509 is an attempt to expand the original jurisdiction of the Supreme Court as defined and limited by Article VI, Section 3, of the Colorado Constitution, which provides:

*"Original Jurisdiction — opinions.* — The supreme court shall have power to issue writs of habeas corpus, mandamus, quo warranto, certiorari, injunction, and such other original and

remedial writs as may be provided by rule of court with authority to hear and determine the same; and each judge of the supreme court shall have like power and authority as to writs of habeas corpus. The supreme court shall give its opinion upon important questions upon solemn occasions when required by the governor, the senate, or the house of representatives; and all such opinions shall be published in connection with the reported decision of said court."

We agree with the People that the original jurisdiction of this Court cannot be expanded by the legislature beyond the limits expressly set forth in the constitution. We do not agree, however, that section 40-1-509 amounts to a legislative grant of additional original jurisdiction to the Supreme Court, as argued by the People. As we view the statute, it is exactly, what it expressly purports to be — an appellate review of sentencing — clearly within the jurisdiction of this Court under Article VI, Section 2, of the constitution, which provides:

"*Appellate jurisdiction.* — (1) The supreme court, except as otherwise provided in this constitution, shall have appellate jurisdiction only, which shall be coextensive with the state, and shall have a general superintending control over all inferior courts, under such regulations and limitations as may be prescribed by law.

"(2) Appellate review by the supreme court of every final judgment of the district courts, the probate court of the city and county of Denver, and the juvenile court of the city and county of Denver shall be allowed *and the supreme court shall have such other appellate review as may be provided by law.* There shall be no appellate review by the district court of any final judgment of the probate court of the city and county of Denver or of the juvenile court of the city and county of Denver." (Emphasis added.)

In *Aurora v. Smith,* 162 Colo. 72, 424 P.2d 772, we said that in the first instance the appellate jurisdiction of this Court was fixed by Article VI, Section 2, of the Colorado Constitution. We further said that the italicized portion thereof permits an expansion of the appellate jurisdiction by

statute. We view section 40-1-509 as being a constitutionally permitted expansion of appellate jurisdiction by the legislature and not an attempted grant of additional original jurisdiction, as urged by the attorney general.

II.

We now come to the merits of defendant's appeal for relief from his sentence. A review of the record convinces us that the district court did not abuse its discretion in imposing the eight to ten-year sentence. The sentence was well within the statutory limits for a first offender, and we are not directed to any mitigating circumstances which when considered would lead us to conclude the sentence imposed was so severe as to shock the conscience of this Court. *Cf. People v. Fulmer,* 185 Colo. 366, 524 P.2d 606; *People v. Lichtenwalter,* 184 Colo. 340, 520 P.2d 583.

Likewise, we do not find any prejudicial irregularities in the court's consideration of the material contained in the presentence investigation report or in the sentencing hearing. Defendant was afforded a full evidentiary hearing and the opportunity to rebut any matters in dispute. He testified in his own behalf, admitting involvement in sales of heroin other than the one on which the information was based. Under these circumstances, we are not inclined to exercise the authority granted to this Court under section 40-1-509, to grant the relief prayed for by defendant on appeal.

Judgment affirmed.

MR. JUSTICE HODGES does not participate.