No. 14937

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

_____

THE STATE OF MONTANA,

               Plaintiff and Respondent,

    -vs-

GARY EUGENE RADI,

               Defendant and Appellant.

_____

Appeal from:  District Court of the Sixth Judicial District,
             Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

    McKinley Anderson, Bozeman, Montana

    For Respondent:

    Honorable Mike Greely, Attorney General, Helena,
    Montana

_____

Submitted on Briefs:  October 14, 1979

Decided:    DEC 28 1979

Filed: DEC 2 1979

_Thomas J. Kearney_
                        Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal resulting from a resentencing of appellant to a sentence of 50 years.

Appellant was convicted in the District Court of the Sixth Judicial District, in and for the County of Sweet Grass, of the crime of burglary. The jury returned a verdict at the same time which acquitted appellant of the charge of theft.

Appellant was sentenced as a persistent offender to a term of 50 years. Appeal was taken to this Court. This Court, in State v. Radi (1978), ____ Mont. ____, 578 P.2d 1169, 35 St.Rep. 489, affirmed the issue raised on appeal in favor of the State, but held that since the sentence pronounced was done without a presentence investigation, returned the case to the District Court for the purpose of resentencing appellant after a presentence report had been filed.

Two issues are raised on the present appeal:

1. Was the presentence report prepared by the Board of Pardons and Paroles prejudicial to appellant in this case?

2. Is there an inconsistency between the verdict returned by the jury of guilty of Count I, the count of burglary, and of not guilty of Count II, theft?

The first issue is directed to whether the presentence report prepared by the Board of Pardons and Paroles was prejudicial to appellant. Section 46-18-112, MCA, provides for a sentencing report as follows:

"Whenever an investigation is required, the probation officer shall promptly inquire into the characteristics, circumstances, needs, and potentialities of the defendant; his criminal

-2-

record and social history; the circumstances of the offense; the time the defendant has been in detention; and the harm to the victim, his immediate family, and the community. All local and state mental and correctional institutions, courts, and police agencies shall furnish the probation officer, on request, the defendant's criminal record and other relevant information. The investigation shall include a physical and mental examination of the defendant when it is desirable in the opinion of the court."

Before proceeding to analyze each of the provisions in the report of the presentence investigation that is alleged to be in error, we will address some general comments regarding such reports in the sentencing process.

This Court has held that a presentence investigation report "is a vital tool of the district judge in arriving at what it considers a proper sentence." State v. Radi, supra, 578 P.2d at 1182, 35 St.Rep. at 504. The primary function of the presentence investigation is to assist the judge in making his determination as to the disposition after conviction. People v. Edwards (1976), 18 Cal.3d 796, 135 Cal.Rptr. 411, 557 P.2d 995. The probation report is generally a proper source of information upon which judicial discretion can be exercised when a defendant is brought before the court for sentencing. People v. Chi Ko Wong (1976), 18 Cal.3d 698, 135 Cal.Rptr. 392, 557 P.2d 976. The sentencing judge cannot be denied an opportunity to obtain information by imposing strict requirements or restricting the proceedings to the rules of evidence applicable at a trial. Thus, hearsay and other matters are acceptable in a presentence report. Williams v. New York (1949), 337 U.S. 241, 247, 69 S.Ct. 1079, 93 L.Ed. 1337.

Montana has long allowed the use of reports of presentence investigations for sentencing purposes. See State v. Karathanos (1972), 158 Mont. 461, 493 P.2d 326; State v.

Harris (1972), 159 Mont. 425, 498 P.2d 1222.

It is a general rule throughout this country that when matters contained in a report are contested by the defendant, the defendant has, in effect, an affirmative duty to present evidence showing the inaccuracies contained in the report. Crowder v. State (Okla. 1974), 518 P.2d 890; People v. Carter (1974), 186 Colo. 391, 527 P.2d 875. A recent Supreme Court case from the State of Alaska, Nukapigak v. State (Alaska 1978), 576 P.2d 982, 983, held that failure on the part of the defendant to challenge the accuracies of statements or to offer contrary evidence at the time of sentencing is fatal. "That fact alone is sufficient to support our decision to affirm his sentences." Nukapigak, 576 P.2d at 983.

Nukapigak relied upon a California decision, People v. Chi Ko Wong, supra, and found that it is a defendant's obligation to comply with "procedures to establish the claimed unreliability of materials properly submitted for the sentencing purposes; a mere claim of invalidity is insufficient." Nukapigak, 576 P.2d at 984. A number of courts have held that, if a defendant does not present evidence or witnesses to contradict or otherwise rebut materials in a probation report, he is foreclosed from raising such issues on appeal. See Crowder, supra; Carter, supra.

This state to a certain extent adopted the general rule in In re Petition of Jerald M. Amor (1964), 143 Mont. 479, 389 P.2d 180, where the defendant, on a petition for a writ, alleged that he was not given the opportunity to refute evidence contained in the presentence investigation report. This Court declined to hear that argument reasoning that

-4-

since the defendant was represented by competent counsel at sentencing, the defendant had an opportunity to refute or contradict the information in the report but chose not to do so.

This case is much like Amor. Here, appellant had the opportunity to refute or contradict the information that was contained in the report. Both appellant and his counsel were presented with a copy of the report prior to the hearing. Appellant chose to offer no witnesses to rebut or contradict any information in the report. In fact, appellant neither testified nor offered witnesses on his behalf. While counsel for appellant did make mention to the court of certain points in the report that he thought were inaccurate or inconsistent, the court indicated that those matters would be taken into consideration in reaching its decision. Appellant did not meet his affirmative duty of presenting evidence or testimony to contradict or refute the matters alleged in the report as objectionable.

Appellant asserts that the report lacked any information as to "characteristics, circumstances, needs and potentialities" of appellant. We do not agree. Taken as a whole, the report is full of information regarding appellant's characteristics and potential. Information of that nature is not only contained in appellant's criminal history, but also contained in information regarding his physical condition and description; his family and social background; his educational, vocational, and marital histories; and summarized in the conclusion of the report.

Appellant next alleges that the report to a large extent shows bias and prejudice on behalf of the officer presenting the report. We find no merit to this contention.

The report is a factual summary of appellant's criminal, physical, family, social and educational background. There is nothing on its face that would substantiate an allegation that the officer who presented it was biased or prejudiced.

Appellant next contends that it was improper for the probation officer to include information about appellant's juvenile record, citing section 41-3-205, MCA, to support that contention. However, section 41-3-205, MCA, does not apply to the juvenile record of those youths under the delinquency provisions of the juvenile law, commonly known as the Youth Court Act. That section is contained in the chapter of juvenile law concerned only with dependent and neglect situations. The provisions of Chapter 3, Title 41, do not pertain to proceedings for delinquents under the Youth Court Act.

The Youth Court Act does, however, contain a provision regarding the confidentiality of the reports. Section 41-5-604, MCA.

It is the general rule to allow juvenile records as a part of presentence investigation report at a sentencing hearing. See 47 Am.Jur.2d Juvenile Courts §56 at 1029. The leading case in this field is Hendrickson v. Myers (1958), 393 Pa. 224, 144 A.2d 367, which held that depriving the courts of their right to be informed of and to consider the entire history and background of a person subject to sentence may result in sentences that are unjust and unfair to both society and the defendant.

While we are unable to find any interpretation of a statute similar to Montana's, there are cases that have interpreted statutes regarding the use of juvenile records that have a similar purpose to the Montana statute. Wash-

-6-

ington has a statute that provides that an order of the court adjudicating a child delinquent shall in no case be deemed a conviction of a crime. Section 13.04-240, R.C.W. See State v. Dainard (1975), 85 Wash.2d 624, 537 P.2d 760, a case holding that this statute was broad enough in its intent to permit consideration of juvenile records in sentencing hearings. For courts that have allowed the use of juvenile records in presentence investigation reports see Young v. State (Okla. 1976), 553 P.2d 192; People v. McFarlin (1973), 389 Mich. 557, 208 N.W.2d 504; State v. Fierro (1966), 101 Ariz. 118, 416 P.2d 551.

The gravamen of the decisions allowing the sentencing judge to use the full and complete reports of an individual's background in making the determination of sentence was set forth by the United States Supreme Court:

> ". . . highly relevant--if not essential--to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that the sentencing judge not be denied the opportunity to obtain pertinent information by a requirement of rigid adherence of restrictive rules of evidence properly applicable to the trial . . . [probation] reports have been given a high value by conscientious judges who want to sentence persons on the best available information rather than on guesswork and inadequate information . . ." Williams v. New York, supra, 337 U.S. at 247.

The same rationale can be applied to this case.

We note that the purpose of the Montana statute regarding juvenile records is to prevent public dissemination of a juvenile record once that individual attains an age of majority. As presentence reports are required by law to be sealed as well, section 46-18-113(3), MCA, the public dissemination of material is avoided. At the same time the

sentencing judge is afforded the opportunity to have a complete picture of the individual who is before him for sentencing. There would seem to be no other purpose in maintaining the sealed records of the youth court over a period of at least ten years if they were not to be used in considering the sentencing of an individual later as an adult. See Young v. State, supra, where the Oklahoma court used that rationale in allowing the admission of the juvenile records.

In this case, appellant was 34 years of age at the time of sentencing. The report indicates an extensive criminal record, subsequent to appellant's juvenile record. The juvenile record was compiled long before the Youth Court Act was passed in 1974. Considering the report as a whole, it is doubtful that the information in the juvenile records contained in the report played any significant role in the court's sentence.

Appellant makes several other contentions concerning factual inconsistencies. One, that the report had an alleged escape from Pine Hills at the time when appellant was incarcerated in the state prison; two, that the report concerned appellant's military record when he contended that he had no such record; and three, that the report laid some significance to information regarding the fact that he was acquitted of Count II of the information with which he was charged at trial. These matters were brought to the attention of the trial judge, and we can presume that the trial judge was capable of giving appropriate weight to unconfirmed and inconsistent matters contained in the presentence report. See State v. McManus (1973), 12 Ore.App. 84, 504 P.2d 1046.

Appellant next alleges that the report is void of information regarding harm to the victims and immediate family or the community. However, the charge itself in this case, which is set forth in the official version of the crime section of the report, does contain that information. Also, the sentencing and trial judge in this case was well aware of that information. See State v. James (1977), 223 Kan. 107, 574 P.2d 181.

We note in summary that the entire report is consistent with the purposes and rationale for requiring a presentence investigation. The report did not make any recommendation one way or the other regarding the sentencing, although appellant, for some reason, contends it did. The summary of the report provides no reason to return this matter to the District Court for resentencing. The report was properly used by the sentencing judge and provided him with a fair objective review of appellant's history and meets all of the rationale applied by courts for the use of such reports. Appellant made no attempt to present witnesses to contradict any of the provisions contained in the report or to provide the court with additional information as to his character or history. The report was, we find, properly applied in this case. Its use provides no basis to remand for a further resentencing hearing.

The second issue raised by appellant concerns the inconsistency of the verdicts on the two counts of the information charging appellant with burglary and theft. He urges that, since he was acquitted on the charge of theft, the conviction of burglary is inconsistent and therefore must be reversed.

This argument is all but identical to the argument that was raised in the first appeal. See State v. Radi, supra, 578 P.2d at 1176, 35 St.Rep. at 496, where this Court ruled on the contention as follows:

"Defendant next contends that the theft charge should have been dismissed because it arose from the same transaction as the burglary and the defendant could not be charged with two offenses. However, different elements must be proven for the charge of theft than for a charge of burglary and we cannot see error to charge defendant with both offenses. We note also that the jury was instructed to find defendant not guilty of the theft if they found him guilty of burglary. Since it did so, we see no prejudice to the defendant."

While the argument here is not identical to the argument raised on the prior appeal, the central issue was determined in that opinion, and we find no merit to this issue.

A similar situation recently was addressed by this Court in State v. Holliday (1979), ____ Mont. ___, 598 P.2d 1132, 1135, 36 St.Rep. 1535, 1539, where this Court stated:

". . . defendant is presenting in essence the same issue we have previously decided. The difference in the two arguments is superficial, not substantive. It is well established, that where a decision has been reached by this Court on a particular issue between the same parties in the same case such decision is binding on the parties and courts, and cannot be relitigated in a subsequent appeal, subject to certain exceptions not pertinent here. [Citations omitted.] The defendant is bound by our previous determination that defendant is not entitled to a dismissal of all charges."

Here, as in Holliday, appellant is bound by the previous ruling and is not entitled to reassert his position on this appeal.

The judgment of the District Court is affirmed.

John Conway Harrison
Justice

-10-

We concur:

_____
Chief Justice

_Lean B Daly_

_____

_John C Sheehy_
Justices

Mr. Chief Justice Frank I. Haswell specially concurring:

I concur in the result of the case.

On the first issue I concur on the grounds that the defendant cannot attack the contents of the presentence report because he did not introduce any rebutting evidence at the time of sentencing. I do not agree with all the discussion of that issue however.

I agree with the second issue on the grounds stated in the majority opinion.

_Frank H. Haswell_
_____
Chief Justice

Mr. Justice Daniel J. Shea will file an opinion later.

-11-