No. 05-702

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 117

STATE OF MONTANA,

        Plaintiff and Respondent,

  v.

CHRISTOPHER R. PHILLIPS,

        Defendant and Appellant.


APPEAL FROM:    The District Court of the Fifth Judicial District,
In and For the County of Beaverhead, Cause No. DC 04-2965,
Honorable Loren Tucker, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

            J. Blaine Anderson, Attorney at Law, Dillon, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

            Marvin S. McCann, County Attorney, Dillon, Montana


                Submitted on Briefs:  December 28, 2006

                        Decided:  May 15, 2007

Filed:

_____
                      Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1     Phillips appeals from the denial of his petition for postconviction relief and motion to withdraw his guilty plea by the Fifth Judicial District Court, Beaverhead County. We affirm.

¶2     We address the following issues:

¶3     1. Is Phillips' postconviction claim procedurally barred by § 46-21-105(2), MCA?

¶4     2. Did the District Court err in denying Phillips' petition for postconviction relief?

¶5     3. Did the District Court err in denying Phillips' motion to withdraw his guilty plea?

## FACTUAL AND PROCEDURAL BACKGROUND

¶6     On January 8, 2004, Phillips was charged with having sexual intercourse without consent, in violation of § 45-5-503, MCA. Phillips entered a plea agreement with the State, wherein the State agreed to recommend a six-year sentence to the Department of Corrections (DOC) with all time suspended. As part of the plea agreement, Phillips signed an acknowledgment of waiver of rights, which provided that: Phillips understood he could be sentenced to the maximum punishment authorized by law; the prosecutor's recommendation was not binding upon the District Court when it imposed sentence; the District Court was not bound by the plea agreement, but rather "the sentence to be imposed is within the sole discretion of the [District Court] and the State does not make any promise or representation as to what the sentence will be."

¶7     Phillips entered a guilty plea to the District Court on October 21, 2004. The court accepted the plea and ordered Phillips to undergo a presentence investigation (PSI) and

2

psychosexual evaluation. Dr. Michael Scolatti conducted the psychosexual evaluation and in his report indicated that Phillips had disclosed a prior conviction for a sex offense in the Salish and Kootenai Tribal Court (Tribal Court) and had admitted to committing uncharged juvenile sexual offenses with approximately twelve or thirteen different victims. Probation and Parole Officer Mark Doering drafted the PSI and specifically referred to Dr. Scolatti's psychosexual evaluation in the PSI. Further, letters from Phillips' great uncles, James and Stephen Clairmont, indicating that, as a juvenile, Phillips had sexually assaulted very young female relatives and that he had been charged as a juvenile in Tribal Court, were also attached to the PSI. Phillips made no objection to the PSI.

¶8 At the sentencing hearing on May 17, 2005, the State recommended the sentence as agreed, but the District Court nonetheless sentenced Phillips to the DOC for a term of eight years with five years suspended. However, the District Court recommended that Phillips be screened for and placed in the DOC's intensive supervision program (ISP) for a minimum of thirty months, adding that:

> In the event for some reason you are not accepted in the ISP program that's recommended, that secondarily, but only secondarily, that you be recommended for prerelease to the extent that the Court's recommendation has any impact on DOC and that placement, and I believe that the prerelease program should continue for the same time period, a minimum of at least 30 months.

Phillips did not appeal his conviction or the District Court's sentence.

¶9 However, Phillips thereafter asserted that, on July 22, 2005, or about sixty-four days after his sentencing order and judgment was entered, he discovered that his juvenile

3

record from the Tribal Court, released upon order by Tribal Court Judge Gary Acevedo, had been illegally requested by the State. Thus, on August 11, 2005, Phillips filed a petition for postconviction relief, alleging that his juvenile Tribal Court record had been illegally released, that both the PSI and Dr. Scolatti's report contained information from his juvenile record,[1] and that his sentence in this matter was therefore illegal and in violation of due process. Phillips argued that because his juvenile record was made available to the DOC, his sentencing and status with the DOC was adversely affected. Phillips likewise filed a motion to withdraw his guilty plea, premised on the same grounds as his postconviction petition.

¶10 The District Court concluded that the State had acted properly in obtaining the juvenile record for purposes of sentencing, that the information was properly considered, and that it had "no evidence upon which to analyze the workings of the tribal court." The District Court further concluded that "the disputed information was obtained from [Phillips] himself by [Dr. Scolatti]. Therefore, nothing is gained for [Phillips] by striking his tribal juvenile record." The court denied both the petition and the motion for plea withdrawal. Phillips appeals.

**STANDARD OF REVIEW**

¶11 We review a district court's denial of a postconviction petition to determine whether its findings of fact are clearly erroneous and whether its conclusions of law are correct. *Davis v. State*, 2004 MT 112, ¶ 13, 321 Mont. 118, ¶ 13, 88 P.3d 1285, ¶ 13.

---

[1]Phillips was prosecuted at age fourteen in the Youth Court of the Confederated Salish Kootenai Tribes of the Flathead Reservation (Tribal Court) for sexual assault.

4

When the issue on appeal concerns whether the district court violated the defendant's constitutional rights at sentencing, the question is a matter of law which we review de novo to determine whether the district court's interpretation of the law is correct. *State v. Bedwell*, 1999 MT 206, ¶ 4, 295 Mont. 476, ¶ 4, 985 P.2d 150, ¶ 4; *State v. Guillaume*, 1999 MT 29, ¶ 7, 293 Mont. 224, ¶ 7, 975 P.2d 312, ¶ 7.

¶12 We review a defendant's motion to withdraw a guilty plea to determine if the guilty plea was voluntary. Our determination of whether a plea was voluntary is a mixed question of law and fact, which we review de novo. *State v. Frazier*, 2007 MT 40, ¶ 8, 336 Mont. 81, ¶ 8, 153 P.3d 18, ¶ 8 (citing *State v. Muhammad*, 2005 MT 234, ¶ 12, 328 Mont. 397, ¶ 12, 121 P.3d 521, ¶ 12).

## DISCUSSION

¶13 *1. Is Phillips' postconviction sentencing claim procedurally barred by § 46-21-105(2), MCA?*

¶14 As an initial matter, the State argues that Phillips' postconviction petition is procedurally barred because Phillips could have raised his claim on direct appeal. The statute provides, in pertinent part:

> When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter.

Section 46-21-105(2), MCA. Noting that Phillips did not appeal his sentence, the State asserts that Phillips' claim cannot now be brought. Phillips responds that he was not aware that the juvenile record had been illegally unsealed until July 22, 2005—more than sixty days after the District Court entered a written sentence on May 19, 2005—and thus

5

the procedural bar of § 46-21-105(2), MCA, does not apply here by its own terms. Phillips further points to § 46-21-101(1), MCA, which provides that postconviction relief is the appropriate remedy for criminal defendants convicted of an offense, but who have no adequate remedy of appeal, and that, for him, the remedy of appeal was inadequate because he did not know about the error in the sentencing process until after his appeal time had expired.

¶15 Although it is clear that Phillips' Tribal Court record was attached to the PSI, and, therefore, Phillips had notice of its release during the sentencing process, for purposes of this appeal we take at face value Phillips' assertion that he did not realize the record had been "illegally released" until July 22, 2005. Thus, Phillips was not aware of the issue which became the grounds for his postconviction petition until more than sixty days after the District Court imposed sentence.[2] At that point the time for appeal had expired, and Phillips could not have reasonably raised the issue on appeal. Thus, we hold that Phillips' postconviction sentencing claim is not procedurally barred by § 46-21-105(2), MCA.

¶16 *2. Did the District Court err in denying Phillips' petition for postconviction relief?*

¶17 The due process clauses of the Fourteenth Amendment to the United States Constitution and Article II, Section 17, of the Montana Constitution protect a defendant from being sentenced based upon misinformation. *State v. Mason*, 2003 MT 371, ¶ 21, 319 Mont. 117, ¶ 21, 82 P.3d 903, ¶ 21; *Bauer v. State*, 1999 MT 185, ¶ 20, 295 Mont.

---

[2]M. R. App. P. 5(b) provides that an appeal from a criminal judgment must be taken within sixty days.

306, ¶ 20, 983 P.2d 955, ¶ 20. If a defendant seeks to overturn a sentence, "the defendant has an affirmative duty to show the alleged misinformation is materially inaccurate." *State v. Harper*, 2006 MT 259, ¶ 18, 334 Mont. 138, ¶ 18, 144 P.3d 826, ¶ 18; *State v. Bar-Jonah*, 2004 MT 344, ¶ 120, 324 Mont. 278, ¶ 120, 102 P.3d 1229, ¶ 120. "Merely claiming the information is invalid is insufficient." *Harper*, ¶ 18; *Bar-Jonah*, ¶ 120; *State v. Radi*, 185 Mont. 38, 41, 604 P.2d 318, 320 (1979). Finally, "where a sentencing court is found not to have relied on improper or erroneous information in sentencing a criminal defendant, there is 'nothing to correct or rebut' and, therefore, the defendant is not entitled to resentencing on due process grounds." *Mason*, ¶ 21; *Bauer*, ¶ 24.

¶18 Phillips argues that his juvenile record was illegally obtained by the State because it was obtained without the notice required under tribal statutes, and thus, his juvenile record should have been excluded from the PSI and from consideration at sentencing, resulting in a violation of his due process rights and an illegal sentence. Phillips argues that the inclusion of the Tribal Court juvenile record caused the District Court to impose a harsher sentence than that recommended in the plea agreement.

¶19 The State argues that Phillips' juvenile record was not illegally released pursuant to Tribal Court rule, that Phillips has not presented any evidence that the information contained in his juvenile record and presented at the sentencing hearing was materially false, and his due process rights were not violated.

¶20 Like the District Court, we decline to address Phillips' argument that his juvenile record was illegally released under tribal law. The record was released by order of the Tribal Court. As we have stated, "Montana judicial policy avoids interfering with the

7

tribal courts and the respective tribe's sovereignty." *State v. Spotted Eagle*, 2003 MT 172, ¶ 30, 316 Mont. 370, ¶ 30, 71 P.3d 1239, ¶ 30. However, we need not resolve this issue of tribal law to resolve this case.

¶21 First, Phillips introduced no evidence indicating his juvenile record or any of the information in the PSI was "materially inaccurate." *Harper*, ¶ 18. Indeed, Phillips admitted the tribal conviction and numerous uncharged juvenile sexual offenses to Dr. Scolatti. Family letters noting the tribal conviction and other sexual offenses upon relatives were attached to the PSI. None of this evidence was objected to at the sentencing hearing. Further, Phillips introduced no evidence that the Tribal Court record of his single juvenile conviction somehow impacted the DOC's placement review separate and apart from the other evidence in the case. We have held that juvenile records may be noted in a PSI, and considered at sentencing, because the information in a PSI is also not publicly disseminated. *Radi*, 185 Mont. at 44, 604 P.2d at 322.

¶22 Phillips cannot claim to have been prejudiced by the Tribal Court record. His due process rights were not violated. We conclude the District Court did not err in dismissing Phillips' petition for postconviction relief.

¶23 *3. Did the District Court err in denying Phillips' motion to withdraw his guilty plea?*

¶24 Section 46-16-105(2), MCA, permits a defendant to withdraw a guilty plea, before or after judgment is entered, if "good cause" is shown. Guilty pleas must be voluntary, knowing, and intelligent. *State v. Favi*, 2005 MT 288, ¶ 11, 329 Mont. 273, ¶ 11, 124

8

P.3d 164, ¶ 11; *Bousley v. United States*, 523 U.S. 614, 618, 118 S. Ct. 1604, 1609 (1998); *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970).

¶25    Phillips does not argue that his claim was involuntary, but that events occurred which gave him "good cause" to allow withdrawal of his plea under § 46-16-105(2), MCA.  Citing *State v. Lone Elk*, 2005 MT 56, ¶ 19, 326 Mont. 214, ¶ 19, 108 P.3d 500, ¶ 19, for the proposition that "intervening circumstances" may constitute good cause for the withdrawal of a guilty plea, Phillips contends that the illegal release of his juvenile record and the consequential failure of the DOC to adopt the District Court's recommendation of ISP are such "intervening circumstances."

¶26    We conclude that Phillips' argument is unpersuasive.  The argument is premised upon the hopes or expectations Phillips held in the sentencing process.  He hoped for an ISP recommendation from the District Court and he hoped for an ISP placement from the DOC.  However, neither of these was assured to Phillips.  The plea agreement and waiver of rights signed by Phillips made abundantly clear that the prosecutor's recommendation was not binding upon the court and that the sentence imposed was within the complete discretion of the court, including the possibility of receiving the maximum sentence under law.  Thus, there was no promise of an ISP recommendation.  Although the District Court did recommend that Phillips be placed in ISP, the court was also clear that it was making a recommendation only, and that the ultimate decision would rest with the DOC.  As Probation and Parole Officer Doering testified, once Phillips was sentenced to the DOC, he could be placed in ISP, prerelease, boot camp, or the Montana State Prison.  In other words, Phillips' placement was in the hands of the DOC—not the District Court.

¶27 Under these circumstances, we cannot conclude that Phillips' objection to the release of his juvenile record establishes good cause for withdrawal of his guilty plea. The District Court correctly denied his motion.

¶28 Affirmed.

/S/ JIM RICE

We concur:


/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JAMES C. NELSON