

DA 11-0063

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2011 MT 249N

STATE OF MONTANA,

      Plaintiff and Appellee,

   v.

FLOYD LEE CARPENTER,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC 10-28
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Scott G. Hilderman; Law Offices of Scott G. Hilderman P.C.,
          Kalispell, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General; Micheal S. Wellenstein,
          Assistant Attorney General, Helena, Montana

          Bernie Cassidy, Lincoln County Attorney; Robert Slomski, Deputy
          County Attorney, Libby, Montana

Submitted on Briefs:  September 7, 2011

Decided:  October 4, 2011

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Pursuant to a plea agreement, Floyd Lee Carpenter (Carpenter) pled guilty to the felony sexual assault of a 15-year-old girl living in the home of his girlfriend. In exchange for his guilty plea, the State dismissed three counts of sexual intercourse without consent and one count of felony criminal distribution of dangerous drugs. The Nineteenth Judicial District Court, Lincoln County, sentenced Carpenter to seven years at the Montana State Prison, and designated him a level II sex offender. Carpenter appeals from this sentence.

¶3 Carpenter raises the following issues on appeal:

¶4 Issue 1: *Did the District Court adequately state its reasons for imposing the sentence*?

¶5 Issue 2: *Did the District Court violate Carpenter's due process rights by considering inaccurate information in the pre-sentence investigation?*

¶6 In April 2010, the State filed an information charging Carpenter. The State alleged that Carpenter had forced the victim on three separate occasions to perform oral sex upon him, and that he had provided her some of his medical marijuana.

2

¶7 Carpenter and the State later entered into a plea agreement whereupon he agreed to plead guilty to a single charge of felony sexual assault. Carpenter also acknowledged that the sentencing judge would not be bound by the recommendations of either party or the probation officer, and that he could be sentenced up to the maximum penalty provided by law.

¶8 Carpenter's sexual offender evaluation recommended that the District Court designate him a level I sex offender, calling for a recommendation of a deferred three-year sentence according to the plea agreement. Probation and Parole's pre-sentence investigation (PSI) report recommended a five-year suspended sentence. Nevertheless, the District Court sentenced Carpenter to seven years in the Montana State Prison, designated him a level II sex offender, and ordered that he complete phase one of the prison sex offender treatment program before he would be eligible for parole.

¶9 We review a criminal sentence for legality. *State v. Hill*, 2009 MT 134, ¶ 19, 350 Mont. 296, 207 P.3d 307. When the issue on appeal concerns whether the district court violated the defendant's constitutional rights at sentencing, the question is a matter of law which we review de novo to determine whether the district court's interpretation of the law is correct. *State v. Legg*, 2004 MT 26, ¶ 24, 319 Mont. 362, 84 P.3d 648.

¶10 Montana law requires that when a sentence is pronounced, the judge "shall clearly state for the record the reasons for imposing the sentence." Section 46-18-102, MCA. In this case, the District Court cited three primary reasons for imposing its sentence: (1) that it provided punishment for Carpenter's knowing act, (2) that the case was not suitable for a deferred or suspended sentence, and (3) that it provided protection to the public. While

the sexual offender evaluation found Carpenter's act to be "situational," the District Court stated that it did not find "younger women living in a house where they are available to people to be that unusual." Moreover, while Carpenter described the sex with the victim as consensual, the District Court noted the victim's allegations to the contrary. Thus, while circumspect in stating its reasons for imposing the sentence that it did, the District Court nonetheless satisfied the requirements of § 46-18-102, MCA.

¶11 Carpenter also argues that the District Court violated his due process rights when it considered misinformation that was contained in the PSI for which he was never given the opportunity to respond. A sentencing court may consider "any matter relevant to the disposition" of an offender. Section 46-18-115(1), MCA. However, a defendant may not be sentenced based upon misinformation. *Bauer v. State*, 1999 MT 185, ¶ 21, 295 Mont. 306, 983 P.2d 955. If a defendant seeks to overturn a sentence, "the defendant has an affirmative duty to show the alleged misinformation is materially inaccurate." *State v. Phillips*, 2007 MT 117, ¶ 17, 337 Mont. 248, 159 P.3d 1078.

¶12 In this case, Carpenter was represented by counsel at the sentencing hearing and was given the opportunity to present witnesses. He introduced no evidence indicating why the PSI was inaccurate, nor does he specify what that misinformation was in this appeal. Merely claiming the information is invalid is insufficient. *Phillips*, ¶ 21.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

4

¶14 Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ BETH BAKER