FILED

08/20/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0414

DA 22-0414

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 180

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

ANDREW JAMES MCCURDY,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-21-510C
Honorable Heidi J. Ulbricht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Carolyn Gibadlo, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Christine Hutchison,
Assistant Attorney General, Helena, Montana

          Travis Ahner, Flathead County Attorney, Stacy Boman, Deputy
County Attorney, Kalispell, Montana

Submitted on Briefs:  May 15, 2024
Decided:  August 20, 2024

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Andrew McCurdy appeals the Eleventh Judicial District Court's denial of his request to strike his youth court records from the presentence investigation (PSI) report for his adult criminal offense. McCurdy also appeals the District Court's imposition of a $50 presentence investigation fee and probation supervision costs.

¶2 We restate the following issues on appeal:

1. *Did the District Court err in including McCurdy's youth court records in the presentence investigation report without an order from the Youth Court finding good cause?*

2. *Did the District Court err in sentencing McCurdy to pay the PSI and probation fees without inquiring into his ability to pay?*

¶3 We affirm the District Court's refusal to strike McCurdy's juvenile history from the PSI because his substantial rights were not prejudiced in this case. We reverse the imposition of the $50 PSI fee and probation supervision cost and remand for an inquiry into McCurdy's ability to pay.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 In February of 2022, McCurdy entered into a plea agreement with the State to resolve charges that he damaged the property of another person. McCurdy agreed to plead guilty to one count of felony criminal mischief[1] and to pay restitution as ordered by the District Court at sentencing. The parties agreed to jointly recommend to the District Court that the court sentence McCurdy to a six-year deferred imposition of sentence. The District Court accepted the plea agreement and ordered McCurdy to participate in a PSI with the

---

[1] Section 45-6-101(1)(a), MCA.

2

State of Montana Probation and Parole Bureau (Probation and Parole). A Probation and Parole officer interviewed McCurdy and compiled his criminal history. Without obtaining a court order, a Probation and Parole assistant obtained McCurdy's juvenile criminal history records from the regional Youth Court Services, and those records were included in the PSI report. The PSI report recounted McCurdy's criminal history and noted that he was transient, unemployed, and had no income.

¶5    Prior to sentencing, McCurdy filed a Motion Requesting Ability to Pay Determinations. He stated that the PSI included his financial circumstances and that he would be available for further inquiry regarding the same at the sentencing hearing. The motion noted the statutes establishing fees and costs available to the District Court to impose on McCurdy at the sentencing hearing. The motion pointed out that the District Court is required to first establish a defendant's ability to pay certain fees and costs before imposing them, including the $50 PSI fee under § 46-18-111(3), MCA, and the costs of probation supervision under § 46-18-232(1)-(2), MCA. The District Court did not rule on McCurdy's motion before the sentencing hearing.

¶6    McCurdy also filed a Motion to Strike Juvenile Records from the PSI that requested the District Court order the Clerk of District Court's Office to remove the PSI report from the court file, order Probation and Parole to resubmit a PSI report without McCurdy's juvenile records, and to not consider the juvenile history when sentencing McCurdy. McCurdy contended that release of his records required a demonstration of good cause and an order from the Youth Court, neither of which occurred.

3

¶7     The State objected to McCurdy's motion, alleging that the juvenile records were properly released and included in the PSI report and that the District Court could consider them in sentencing. The State argued that because the District Judge assigned to McCurdy's criminal case also was a Youth Court Judge in the same judicial district, the District Court's order for the PSI to be completed encompassed an implicit determination of good cause under the law to include McCurdy's youth court history in the PSI.

¶8     The District Court denied McCurdy's motion to strike. In its "Order on the Defendant's Motion to Strike Juvenile Records from [the] PSI" (Order), the court stated that the records were "provided pursuant to a Court order" and that "binding precedent" held that juvenile records may be "noted in a PSI, and considered at sentencing" because the PSI report information is "also not publicly disseminated."

¶9     During the June 2, 2022 sentencing hearing, defense counsel again objected to the inclusion of McCurdy's juvenile records in the PSI report and the District Court's consideration of them in sentencing McCurdy on the criminal mischief charge. Though McCurdy admitted the records were accurate, defense counsel objected specifically to the six listed "informal" juvenile records dated August 13, 2012, through December 10, 2013, stating that McCurdy was not represented by an attorney on those matters. The District Court, stating that it would consider defense counsel's objection as a motion to reconsider the court's previous Order, denied defense counsel's motion to strike the juvenile records.

¶10     The State recommended that the District Court impose sentence pursuant to the plea agreement, with a modification of the restitution amount due to the victim's testimony, and

asked the court to adopt conditions listed in the PSI report. Defense counsel advised the District Court that McCurdy agreed with the State's recommendations. The District Court proceeded to sentence McCurdy pursuant to the plea agreement, indicating it would waive and suspend discretionary costs, fines, fees, and surcharges. The court stated that it would "give the waiving and suspending fines and surcharges due to the restitution amount, so I'm not going to inquire into his ability to pay." The District Court announced that McCurdy would pay restitution of $14,536 and follow the conditions contained in the PSI report, with amendments to suspend or waive the imposition of specified fees and surcharges. The District Court did not, however, address paragraph 15(a), supervision costs pursuant to § 46-23-1031, MCA, or paragraph 15(b), the PSI report fee pursuant to § 46-18-111, MCA. When the District Court asked if any clarification was needed, both the prosecutor and defense counsel said no.

¶11 The District Court entered a written Sentence and Judgment in McCurdy's case on June 8, 2022, which reflected its oral imposition of sentence and included the costs of supervision and the PSI report fee.

## STANDARDS OF REVIEW

¶12 We review a "district court's interpretation and application of a statute de novo." *State v. Edmundson,* 2014 MT 12, ¶ 12, 373 Mont. 338, 317 P.3d 169 (citation omitted). We review for legality a criminal sentence imposed by a district court. *State v. Thompson,* 2017 MT 107, ¶ 6, 387 Mont. 339, 394 P.3d 197 (citation omitted). "A district court's determination of a defendant's ability to pay an imposed fine, fee, cost, or other charge is

essentially a finding of fact that this Court will reverse only if it is clearly erroneous." *State v. Dowd,* 2023 MT 170, ¶ 7, 413 Mont. 245, 535 P.3d 645 (internal quotations and citations omitted).

## DISCUSSION

¶13    *1. Did the District Court err in including McCurdy's youth court records in the presentence investigation report without an order from the Youth Court finding good cause?*

¶14    The Montana Youth Court Act (Act) provides for "supervision, care, rehabilitation, detention, competency development, and community protection for youth before they become adult offenders[.]"   Section 41-5-102(2)(b), MCA.   The "Youth Court Act vindicates society's heightened interest in enabling members of the younger generation 'to reach their full potential'" through such procedures as requiring that "relevant records be sealed upon [a] youth's eighteenth birthday, allowing the young person to enter adult society with a clean slate rather than forever branded by the contact with the justice system and dogged by the debilitative effects of a record." *In re S.G.-H.M,* 2021 MT 176, ¶ 19, 404 Mont. 531, 490 P.3d 1248 (citations omitted).

¶15    With certain exceptions not applicable here, "[f]ormal and informal youth court records, law enforcement records, and department records . . . that pertain to a youth covered by this chapter must be physically sealed on the youth's 18th birthday."  Section 41-5-216(1), MCA.  After such records are sealed, "they are not open to inspection except, *on order of the youth court, for good cause* to . . . adult probation and parole staff preparing a presentence report on an adult with an existing sealed youth court record[.]"

6

Section 41-5-216(5)(b), MCA (emphasis added). "A person who discloses or accesses a formal youth court record, an informal youth court record, or a department record in violation of 41-5-215 or 41-5-216 is guilty of a misdemeanor and shall be fined $500." Section 41-5-221, MCA.

¶16 "Montana has long allowed the use of reports of presentence investigations for sentencing purposes." *State v. Radi*, 185 Mont. 38, 41, 604 P.2d 318, 320 (1979) (citations omitted). Juvenile records may be included in a PSI and considered by a court at sentencing because the information in a PSI is not publicly available. *State v. Phillips,* 2007 MT 117, ¶ 21, 337 Mont. 248, 159 P.3d 1078 (citing *Radi,* 185 Mont. at 44, 604 P.2d at 322).

¶17 McCurdy contends that because the Youth Court did not order his juvenile records to be unsealed and released upon the requisite finding of good cause, release of the records to Probation and Parole, the inclusion of the records in the PSI report, and the District Court's consideration of the records were illegal.[2]

¶18 The State responds in part that the released records included the same information that McCurdy himself provided to Probation and Parole during the PSI interview, that McCurdy received the sentence he "bargained for" in the plea agreement, that McCurdy did not allege that the inclusion of the records in the PSI report or the District Court's

---

[2] McCurdy adds in his reply brief that the State's failure to attempt to obtain the records pursuant to the proper procedure violated his due process rights, as he had no opportunity to object and demonstrate that no good cause existed for the release of the records. He did not make a constitutional argument in his opening brief, and we decline to further address this argument. *See Pengra v. State,* 2000 MT 291, ¶ 13, 302 Mont. 276, 14 P.3d 499 (noting that "[w]e will not address the merits of an issue presented for the first time in a reply brief on appeal").

7

consideration of them resulted in a harsher sentence, or that he was otherwise prejudiced. Adding that "this Court has repeatedly held that the inclusion of juvenile records in PSIs and at sentencing is proper," the State contends that even if the appropriate procedure for obtaining McCurdy's records was not followed, any error in the release of his records was harmless.

¶19   The District Court's Order denying McCurdy's motion to strike the records stated:

> The purpose of the Montana statute regarding juvenile records is to prevent public dissemination of a juvenile record once that individual attains an age of majority.  As presentence reports are required by law to be sealed as well, section 46-18-113(3), MCA, the public dissemination of material is avoided.  At the same time the sentencing judge is afforded the opportunity to have a complete picture of the individual who is before him for sentencing.

The District Court relied on *Radi* and *Phillips* in determining that its Order requiring McCurdy to participate in a PSI met the requirements of the Act to authorize the release of McCurdy's youth records to Probation and Parole.  Neither *Radi* nor *Phillips*, however, addressed the "good cause" necessary for a youth court to unseal and release records under § 41-5-216(5)(b), MCA.  Neither did the District Court in its Order denying McCurdy's motion to strike.

¶20   When interpreting a statute, this court establishes the "intent of the Legislature in accordance with the plain meaning[.]" *In re H.M.,* 2023 MT 180, ¶ 10, 413 Mont. 382, 536 P.3d 429 (citation omitted).  We look at the "express language, context, and manifest purpose within its larger statutory scheme." *H.M.,* ¶ 10 (citation omitted).

¶21   Section 41-5-216(5)(b), MCA, maintains the Youth Court Act's objective to keep a person from being "forever branded" by their underage transgressions of the law while still

allowing sentencing courts sufficient information to appropriately sentence the person who commits an offense as an adult. *S.G.-H.M*, ¶ 19 (citations omitted). The statute balances these interests by requiring a showing of good cause to a youth court before an offender's youth records are unsealed and disseminated—even to an Adult Probation and Parole officer. Section 41-5-203, MCA, establishes the jurisdiction of youth courts and vests those courts with "exclusive original jurisdiction of all proceedings" under the Act. Section 41-5-203(1), MCA.

¶22 The State argued that because the District Court Judge was also a Youth Court Judge, the court had inherent authority to release McCurdy's youth records when it ordered the PSI. The District Court did not say so directly but appeared to agree when it stated, "Defendant's records were provided pursuant to a Court order." Section 46-18-111, MCA, however, provides a district court the authority to order a PSI. It does not provide authority to release juvenile records. Only a youth court, with exclusive jurisdiction to determine matters under the Act, may determine whether good cause exists to unseal and release records. Even though a district court judge may serve as a judge for the local youth court, when ordering the PSI in this case, the District Court acted only within the District Court's jurisdiction. It had no authority in that capacity to consider a request to unseal and release McCurdy's records or to authorize their release after-the-fact.

¶23 We consider nonetheless whether, even if the proper procedure was not followed, the release of McCurdy's youth court records affected his substantial rights or caused prejudice. The State argues that "[t]here would be nothing to gain from striking McCurdy's

9

juvenile record" and that "McCurdy does not ask this Court to remand for resentencing." McCurdy replies that his right to "due process, privacy, and counsel were all violated." He argues that Probation and Parole used the records in his PSI risk classification, which dictated the conditions imposed on him, that the records are still available to the prosecutor and victim "without limitation or consideration[,]" that he was disallowed any opportunity to seek denial or limitation of the disclosure from the Youth Court, and that he was denied the opportunity for counsel's advice regarding how to address the records before his PSI interview.

¶24 We will not reverse a case "by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial." Section 46-20-701(1), MCA. In this case, McCurdy entered into a plea agreement with the State with the advice of counsel. In accordance with that agreement, the State recommended a six-year deferred imposition of sentence, and the District Court imposed the jointly recommended sentence. McCurdy argues that the inclusion of his juvenile history influenced Probation and Parole's risk assessment and the subsequent conditions of his sentence. But he objects to none of the conditions the District Court imposed, aside from the financial obligations we discuss below. We find no other relation to the inclusion of the records in McCurdy's PSI to any specific harm or prejudice to McCurdy. He received the benefit for which he bargained and is not asking to be resentenced. We accordingly affirm the Order denying his motion to strike the records as harmless error.

¶25 *2. Did the District Court err in sentencing McCurdy to pay the PSI and probation fees without a sufficient inquiry into his ability to pay?*

10

¶26 When a district court directs a Probation and Parole officer to make a presentence investigation and report, the defendant must pay to "the [D]epartment of [C]orrections a $50 fee at the time that the report is completed, unless the court determines that the defendant is not able to pay the fee within a reasonable time." Section 46-18-111(3), MCA.

¶27 A court may require a defendant convicted of a felony to pay "the cost of pretrial, probation, or community service supervision as a part of the defendant's sentence." Section 46-18-232(1), MCA. But a "court may not" sentence a defendant to pay such costs "unless the defendant is or will be able to pay them." Section 46-18-232(2), MCA. The court "shall take into account the financial resources of the defendant, the future ability of the defendant to pay costs, and the nature of the burden that payment of costs will impose" in determining the payment amount and method. Section 46-18-232(2), MCA.

¶28 McCurdy contends that under § 46-18-111, MCA, the District Court failed its affirmative duty to inquire into his ability to pay the PSI fee, and that because the imposition of the PSI fee contradicted the evidence that he was indigent and the court's findings related to the restitution he would pay, the fee was illegal. McCurdy also contends that because the District Court recognized his indigency and waived the prosecution cost pursuant to § 46-18-232, MCA, the court also should have waived the supervision cost under the same statute, and its imposition of the supervision cost also was illegal. McCurdy asks this Court to remand the case with instructions to the District Court to strike both the PSI fee and the supervision cost from his sentence.

11

¶29 The State agrees that the District Court did not inquire into McCurdy's ability to pay the PSI fee and supervision cost. It requests remand to the District Court for an inquiry into McCurdy's ability to pay the PSI fee and supervision cost.

¶30 "It is clear a sentencing court must question and determine the defendant's ability to pay fines, fees, surcharges, and costs prior to their imposition." *State v. Hardin,* 2023 MT 132, ¶ 32, 413 Mont. 26, 532 P.3d 466 (citing *State v. Reynolds,* 2017 MT 317, ¶ 22, 390 Mont. 58, 408 P.3d 503). We agree with the parties that the District Court should not have imposed the PSI fee and supervision cost without considering McCurdy's ability to pay. The record evidence reflects that the District Court did not inquire into his ability to pay; the court advised McCurdy no such inquiry would take place because it intended to "waiv[e] and suspend[] fines and surcharges."

¶31 Before the District Court, McCurdy requested that the court conduct an inquiry to determine his ability to pay. Because the record provides no basis for determining McCurdy's ability to pay the PSI report fee and supervision cost, we conclude that is the appropriate course of action. We accordingly reverse those conditions of his sentence and remand for the District Court to conduct the relevant inquiries.

**CONCLUSION**

¶32 We affirm the District Court's Order regarding McCurdy's juvenile records as harmless error. The case is remanded to the District Court for an inquiry into McCurdy's ability to pay the PSI fee and supervision cost.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA